1  **KINGSLEY & KINGSLEY, APC**
   George R. Kingsley, Esq. - SBN 38022
2  Kevin M. Zietz, Esq. - SBN 186244
   16133 Ventura Boulevard, Suite 1200
3  Encino, California 91436
   Tel (818) 990-8300; Fax(818) 990-2903
4

5  **Attorney for Plaintiff**
   **ROBERT CHUBBUCK**
6

7

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ROBERT CHUBBUCK,               CASE NO.  **CV08-01838** ABC AJW

12              Plaintiff,

13  v.                             **COMPLAINT FOR DAMAGES UNDER
                                   THE EMPLOYEE RETIREMENT
14  LIFE INSURANCE COMPANY OF      SECURITY ACT [29 U.S.C. Section 1132]**
    NORTH AMERICA; LONG TERM
15  DISABILITY PLAN OF ARROW
    ELECTRIC INC.;  and DOES 1 to
16  10, Inclusive,

17              Defendants.

18

19       Plaintiff **ROBERT CHUBBUCK** complains of defendants, **LIFE INSURANCE**

20  **COMPANY OF NORTH AMERICA** (hereinafter referred to as "LINA" or "defendant"),

21  and **THE LONG TERM DISABILITY PLAN OF ARROW ELECTRONICS INC.,**

22  (hereinafter referred to as "The Plan"), as follows:

23                      **JURISDICTION AND VENUE**

24       1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and

25  29 U.S.C. §1132(a)(1), (e), (f), and (g), of the Employee Retirement Income Security Act

26  of 1974,  29 U.S.C. §1101. et. seq.  (hereafter ERISA)  as it involves a claim by Plaintiff

27  for Long Term Disability Benefits under employee benefit plans regulated and governed

28  under ERISA.   Jurisdiction is predicated under these code sections as well as 28 U.S.C.

                                   1

FILED

2008 MAR 18  PM 3: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1   §1331 as this actions involves a federal question.

2       2.    The events or omissions giving rise to Plaintiff's claim occurred in this

3   judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends

4   of justice require it.

5       3.    The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the

6   Secretary of Labor, provides a mechanism for internal appeal of benefit denials.  Those

7   avenues of appeal have been exhausted.

8       4.    Plaintiff's exhausted the appeal process on February 15, 2008, at which time

9   he was informed by LINA that his claim for long term disability had been denied and that

10  he has a right to bring legal action regarding his claim under ERISA section 502(a).

11  **GENERAL ALLEGATIONS**

12      5.    Plaintiff is informed and believes and thereon alleges that The Plan is an

13  employee welfare benefits plan established and maintained by Plaintiff's employer, Arrow

14  Electronics Inc., to provide its employees with group long term disability insurance, to pay

15  a portion of a covered employee's income while they have a long period of disability.

16      6.    The Plan can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

17      7.    Plaintiff  is an individual citizen and resident of the State of California,

18  County of Los Angeles, residing within the Central District of the State of California.

19      8.    Plaintiff is informed and believes and based upon such information and belief

20  alleges that at all times material hereto, The Plan is an employee welfare benefit plans as

21  defined by ERISA.

22      9.    At all times material hereto, Plaintiff's employer provided group long term

23  disability benefits to its employees and their dependents, through The Plan.  LINA  was

24  the Claims Administrator of The Plan at all times material hereto.  Pursuant to The Plan,

25  LINA was contractually obligated to pay benefits for claims covered by The Plan.

26      10.    Defendants participated in the processing of Plaintiff's claim for benefits

27  under The Plan, which form the subject matter of this lawsuit.

28  \ \ \

11.     At all times relevant hereto, Plaintiff was employed by Arrow Electronics Inc., and was and is a participant and beneficiary of The Plan. Plaintiff became totally disabled while in the employment of Arrow Electronics, Inc., and was, therefore, entitled to long term disability benefits pursuant to provisions of The Plan.

12.     To be eligible to receive benefits under The Plan, which provides benefits for a maximum period up to age 65, covered employees must meet the following definition of "Disability":

"An Employee is Disabled if, because of Injury or Sickness,

1.      he or she is unable to perform all the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and

2.      after the Disability Benefits have been payable for 24 months, he or she is unable to perform all the material duties of any occupation for which he or she reasonably become qualified based on education, training or experienced, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings."

13.     Count One of the Complaint herein arises out of the deprivation by defendants of the rights secured to plaintiff under the Employee Welfare Benefit Plans heretofore described.

14.     The true names and capacities, whether individual, corporate, partnership or otherwise of defendants, DOES 1 through 10, inclusive are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint when the true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is the agent, servant and employee of each of their co-defendants, and was acting within the course and scope of said agency and employment and with the knowledge and consent of their principal and employer; and was and is responsible in some manner for the events and happenings herein alleged.

## COUNT ONE

### (For Damages and Benefits Pursuant to 29 U.S.C. Section 1132)

15.     Plaintiff hereby realleges and incorporates paragraphs 1 through 14 as if fully set forth herein.

16.     Plaintiff was employed as a Business Analyst at the time of his disability. His occupation involved building and maintaining an electronic component parametric database and cross-reference. Plaintiff was responsible for creating a database which was capable of being accessed by all of the company's sales divisions and customers that paid for the database service. The job was highly technical and required extensive use of a computer to utilize Microsoft Excel (spread sheet) and Microsoft Access (database builder). Plaintiff's job required extensive data entry into a computer and constant research.

17.     On or about February 4, 2005, plaintiff suffered a cerebrovascular accident (stroke) which has caused left sided hemiplegia[1]. Plaintiff went out of work on February 6, 2006, and has not returned to work since.

18.     Plaintiff was hospitalized between February 4, 2006 and February 24, 2006 due to the suffered a cerebrovascular accident. Plaintiff underwent a course of inpatient physical therapy and speech therapy.

19.     Plaintiff is informed and believes that after the expiration of the 90-day elimination period provided for in The Plan, LINA paid plaintiff long term disability benefits between May 7, 2006 and April 6, 2007.

20.     Plaintiff is informed and believes that in response to inquiries by LINA in early 2007, Dr. Etehad continued to indicate that plaintiff's restrictions and limitations were that he remained hemiplegic and was unable to work.

21.     On or about May 10, 2007, plaintiff was notified that LINA was unable to approve his claim for benefits because LINA had determined that he no longer met the

---

[1] Paralysis affecting one side of the body.

4

definition of disability set forth in The Plan.

22.    On or about October 12, 2007, plaintiff submitted an appeal to LINA which included a letter from Siamak P. Etehad, M.D., who explained that plaintiff had been under his care since the cerebrovascular accident. Dr. Etehad explained:

"[Plaintiff] continues from February, 2006 to present o have left sided hemiplegia which effects his left side. [Plaintiff] cannot walk on his own without the assistance of a cane because his left side is paralyzed, he also cannot write or use the computer because his left hand is paralyzed...

Due to [Plaintiff's] medical condition he can no longer perform his normal duties as a Business Analyst because of his chronic fatigue which does not allow him to concentrate for any long periods of time...

Due to [Plaintiff's] cerebral vascular accident it is impossible for him to return to his former career."

23.    On or about December 18-20, 2007, plaintiff underwent a Functional Capacity Evaluation (FCE) to determine if he was able to return to work as a Business Analyst, the results of which were submitted to LINA by plaintiff as part of his appeal.

24.    The "Formal Conclusion" of the FCE was stated by the evaluator as follows: "During his attendance, the client demonstrated non-competitive physical tolerance for semi-sedentary or sedentary type occupations...

... the client provided the evaluator with a brief summary of job duties required by his position as Business Analyst. Based upon the information and the client's demonstrated physical tolerances, productivity and attendance, it is this vocational evaluator's opinion, that at this time the client did not demonstrate the necessary physical tolerances, stamina and endurance that would be required for the job."

5

25.     Plaintiff has timely presented to defendants with all of the necessary claim forms, medical documentation, and vocational analysis,  and furnished defendants with said documents to process and continue to pay Plaintiff's long term disability claim.

26.     LINA has refused to pay plaintiff his long term disability benefits, notifying plaintiff on February 15, 2008 that a determination had been made after reviewing plaintiff's appeal that the medical evidence did not support plaintiff's inability to perform his occupation as a Business Analyst.

27.     Plaintiff is informed and believes that LINA was acting both as the funding source of The Plan and the claim administrator when it denied plaintiff's claim.  The conflict of interest gave it incentive to stop paying plaintiff long term disability payments. This conflict will be a factor in determining the proper standard of review, if an issue, and whether LINA abused its discretion in the event the Court applies an Abuse of Discretion standard.

28.     Plaintiff alleges that LINA  refused to pay these benefits by wrongfully contending that Plaintiff does not meet the definition of disability in the plan.    The decision by LINA was arbitrary and capricious and not based upon any sound or reasonable medical evidence or vocational analysis. LINA did not conduct a full and fair review of the decision to deny benefits to Plaintiff as required by 29 U.S.C. 1133(2). Before finally denying Plaintiff's claim for benefits on February 15, 2008, LINA did not conduct any vocational analysis, and failed to give consideration to the medical evidence indicating that plaintiff has restrictions and limitations due left sided hemiplegia, fatigue, and inability to concentrate.   Furthermore, Prudential did not give proper weight to the Social Security Administration's finding that Plaintiff was disabled form any occupation.

29.     Plaintiff claims that The Plan provides for a de novo review, and that the weight of the evidence will support a determination by the Court that plaintiff has continued to meet the definition of disability from April 2007 to the present and continuing.

\ \ \

6

30. For all the reasons set forth above, the decision to deny benefits was arbitrary, capricious, wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of The Plan, and contrary to law. Clearly, LINA abused its discretion in deciding to deny this claim as the evidence shows that the denial decision was arbitrary and capricious. Furthermore, not only does LINA'S denial decision fail under the strictest "abuse of discretion" standard of review, the denial decision fails under the "de novo" standard of review.

31. Plaintiff's monthly long term disability benefit is in the amount of $3,670, less appropriate offsets.

32. As a direct and proximate result of the defendants' wrongful denial of the claims of plaintiff, plaintiff contends that defendants have breached their contract and plaintiff has thereby been damaged. Pursuant to 29 U.S.C. Section 1132(a)(1)(B), plaintiff is entitled to long term disability benefits between April 6, 2006 and the present, in the amount of $3,670 per month, less appropriate offsets.

33. As a further direct and proximate result of the denial of benefits as aforesaid, and due to the arbitrary and capricious conduct of defendants plaintiff has to engage the services of attorneys to assist her in recovering benefits due her under the terms of the PLAN. Accordingly, plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE**, plaintiff demands judgment against defendants, and each of them, as follows:

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for long term disability benefits between April 6, 2006 and the present, in the amount of $3,670 per month, less appropriate offsets;

2. An order determining that Plaintiff is entitled to future payments so long as he remains disabled as defined in The Long Term Plan;

3. Interest on said amounts in accordance with law;

\ \ \

7

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT SECURITY ACT

4.    For reasonable attorney's fees and costs in a sum according to proof, pursuant to 20 U.S.C. Section 1132(g)(1);

5.    For such other and further relief as the Court in its discretion may deem just and proper pursuant to 29 U.S.C. Section 1132, including punitive and extra contractual benefits as may be available under any other applicable ERISA provision heretofore or hereinafter enacted by Congress or authorized by law.

**DATED:**    **March 13, 2008**

**KINGSLEY & KINGSLEY, APC**

**By:**    _____
**KEVIN M. ZIETZ**
**Attorney for Plaintiff**

8

KEVIN M. ZIETZ, ESQ. - SBN 186244
KINGSLEY & KINGSLEY, APC
16133 VENTURA BLVD., SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ROBERT CHUBBUCK

                                        Plaintiff(s)

                    v.

LIFE INSURANCE COMPANY OF NORTH AMERICA;
LONG TERM DISABILITY PLAN OF ARROW ELECTRIC
INC.; and DOES 1 to 10, Inclusive,

                                        Defendant(s)

CASE NUMBER
CV- **CV08 - 01838 ABC/JW**

**SUMMONS**

TO:  THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
KEVIN M. ZIETZ                                                    , whose address is:

KINGSLEY & KINGSLEY, APC
16133 VENTURA BLVD., SUITE 1200
ENCINO, CA 91436
(818) 990-8300

an answer to the   [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-
claim which is herewith served upon you within 20 days after service of this Summons upon you, exclusive
of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded
in the complaint.

CLERK, U.S. DISTRICT COURT

Date:
MAR 18 2008

By: _N. Hernandez_____

        Deputy Clerk

        *(Seal of the Court)*

        1196

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV08- 1838 ABC (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| ROBERT CHUBBUCK | LIFE INSURANCE COMPANY OF NORTH AMERICA; LONG TERM DISABILITY PLAN OF ARROW ELECTRIC INC.; and DOES 1 to 10, Inclusive, |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): LOS ANGELES COUNTY | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide name.) | Attorneys (If Known) |
|---|---|
| KEVIN M. ZIETZ, ESQ. - SBN 186244<br>KINGSLEY & KINGSLEY, APC<br>16133 VENTURA BLVD., SUITE 1200<br>ENCINO, CA 91436<br>(818) 990-8300, FAX (818) 990-2903 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

IN EXCESS OF

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Damages and Benefits  Pursuant to  29 USC §1132 of the Employee Retirement Income Security Act of 1974.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☒ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (07/05)                                  CIVIL COVER SHEET                                  Page 1 of 2
                                                                                                  CCD-JS44

UNITED STATE DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case?   [X] No   [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

   [ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

   [ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

   [ ]  D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above
        in a, b or c also is present.

**IX.  VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides  (Use an additional sheet if necessary)

   [ ]  Check here if the U.S. government, its agencies or employees is a named plaintiff.

ROBERT CHUBBUCK, LOS ANGELES COUNTY, STATE OF CALIFORNIA

List the California County, or State if other than California, in which EACH named defendant resides.    (Use an additional sheet if necessary).

   [ ]  Check here if the U.S. government, its agencies or employees is a named defendant.

LIFE INSURANCE COMPANY OF NORTH AMERICA, PENNSYLVANIA
LONG TERM DISABILITY PLAN OF ARROW ELECTRIC, INC, LOS ANGELES, STATE OF CALIFORNIA

List the California County, or State if other than California, in which EACH claim arose.    (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES COUNTY, STATE OF CALIFORNIA

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date 3/13/08
                                            KEVIN M. ZIETZ

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF
OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

KEVIN M. ZIETZ, ESQ. - SBN 186244
KINGSLEY & KINGSLEY, APC
16133 VENTURA BLVD., SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903

ATTORNEYS FOR: PLAINTIFF, ROBERT CHUBBUCK

**FILED**

**2008 MAR 18 PM 3: 57**

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ROBERT CHUBBUCK

Plaintiff(s),

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA;
LONG TERM DISABILITY PLAN OF ARROW ELECTRIC
INC.; and DOES 1 to 50, Inclusive,

Defendant(s)

CASE NUMBER

**CV08-01838 ABC AJW**

### CERTIFICATION AND NOTICE
### OF INTERESTED PARTIES
### (Local Rule 7.1-1)

TO:    THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for   Plaintiff, ROBERT CHUBBUCK
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest
in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or
recusal. (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| ROBERT CHUBBUCK, | PLAINTIFF |
| | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | DEFENDANT |
| LONG TERM DISABILITY PLAN OF ARROW ELECTRICT, INC. | DEFENDANT |

March 13, 2008
Date

Sign
KEVIN M. ZIETZ, ESQ. - SBN 186244

Attorney of record for or party appearing in pro per